IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARIAH BUCKMIRE,<br><br>          **Plaintiff,**<br><br>v.<br><br>BILLY JOE DOLLISON, ENERGY TRANSPORT SOLUTIONS, INC., AND ZACHARY LANGLEY,<br><br>          **Defendants.** | Case No. 3:24-cv-02215-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Buckmire brought this personal injury action against two automobile drivers in Illinois state court resulting from an automobile accident. (Doc. 1-1, p. 2). Defendants removed the case to this Court on September 23, 2024. (Doc. 1). The same day, Defendants ETS and Dollison moved to dismiss Langley as a defendant under the doctrine of fraudulent joinder. (Doc. 4). On October 15, 2024, Buckmire filed a motion to remand, denying that Langley was fraudulently joined. (Doc. 28). As ETS and Dollison have met their burden to establish fraudulent joinder, their motion is granted, and Buckmire's motion is denied.

### LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also *Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006).

Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v.*

*3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 841 (S.D. Ill. 2006).

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). After resolving all issues of fact and law in favor of the plaintiff, if there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764. The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id*.

Courts normally make the fraudulent joinder determination by evaluating the face of the pleadings. *Poulos,* 959 F.2d at 73. However, under certain circumstances it is appropriate for a court to "pierce the pleadings" and

consider "summary judgment-type evidence such as affidavits and deposition testimony." *Hauck v. ConocoPhillips Co.,* No. 06-135, 2006 WL 1596826 (S.D. Ill. 2006) (quoting *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995)). While not advocating a "pre-try" of the case, the Seventh Circuit held it proper to disregard a non-diverse defendant's citizenship where the non-diverse defendant produced an uncontested affidavit showing that plaintiff could not succeed on its claim against it. *Faucett v. Ingersoll-Rand Min & Machinery Co.,* 960 F.2d 653 (7th Cir. 1992). Such is the necessity in this case where defendants have submitted uncontested videographic evidence of the crash.

## ANALYSIS

After considering the videographic evidence, the Court concludes that Buckmire's claim against Langley has no chance of success. "Drivers in [Illinois] are under an obligation to avoid colliding with other vehicles and to operate their automobiles in a reasonable manner." *Imes v. Koenig,* 590 N.E.2d 1048, 1050 (Ill. Ct. App. 1992). In Count IV of her complaint, Buckmire alleges that Langley was negligent by failing to keep a lookout for other vehicles, failing to properly apply his brakes, driving at an excessive speed, and following too closely to Buckmire's car. (Doc. 1-1, p. 8). Langley admits that his car struck Buckmire's but denies the rest of the allegations. (*Id.*, p. 41).

*Payne v. Mroz,* 631 N.E.2d. 337 (Ill. Ct. App. 1994), provides guidance on assessing whether a driver can be held negligent when his or her car is pushed by another vehicle into the plaintiff's vehicle. In *Payne,* defendant Mroz hit defendant Aida's vehicle, which was at a complete stop, from behind. *Id.* at 400. Aida's car then

travelled across the median into oncoming traffic and collided with plaintiff Payne's vehicle. *Id.* The Court determined that the trial court's ruling granting summary judgment for Aida on the negligence claim was proper, because Aida was "forced onto the median" and "did not travel that path by her own actions." *Id.* at 403. The Court thus removed the question of Aida's negligence from the jury, determining that she could not be held negligent as a matter of law.

The Court arrives at the same conclusion here. The video clearly shows that Langley was at a complete stop when Dollison hit his vehicle, pushing it into the rear of Buckmire's vehicle. As was the case in *Payne*, Langley did not collide with Buckmire voluntarily; instead, his car was pushed into her's. Accordingly, the Court concludes that Buckmire cannot state a claim of negligence against Langley.

## CONCLUSION

Defendant ETS and Dollison's Motion to Dismiss Defendant Zachary Langley for Fraudulent Joinder is **GRANTED**. Count IV of Buckmire's complaint is **DISMISSED WITHOUT PREJUDICE**. Moreover, complete diversity now exists in this case. ETS and Dollison are citizens of Missouri. (Doc. 4, p. 2). Buckmire is a citizen of Illinois. *Id.* As subject matter jurisdiction exists, Buckmire's Motion to Remand is **DENIED**. The Court **DENIES** Buckmire's request to impose fees and costs on Defendants.

IT IS SO ORDERED.

DATED: December 12, 2024

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
