## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KARIAH BUCKMIRE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:24-cv-02215-SPM** |
| **BILLY JOE DOLLISON and ENERGY TRANSPORT SOLUTIONS, INC.,** | |
| **Defendants.** | |

# <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint. (Doc. 43). Specifically, Plaintiff Kariah Buckmire ("Buckmire") seeks to add Zachary Langley as a defendant. (*Id.*). Defendants Energy Transport Solutions, Inc. ("ETS") and Billy Joe Dollison ("Dollison"), collectively "Defendants" filed a response, in which they also seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 44). For the reasons set forth below, the Court denies Buckmire's motion but declines to impose Rule 11 sanctions.

## BACKGROUND

Buckmire brought this personal injury action against two automobile drivers in Illinois state court resulting from an automobile accident. (Doc. 1-1, p. 2). Defendants removed the case to this Court on September 23, 2024. (Doc. 1). The same day, Defendants moved to dismiss Langley as a defendant under the doctrine of fraudulent joinder. (Doc. 4). On October 15, 2024, Buckmire filed a motion to remand,

denying that Langley was fraudulently joined. (Doc. 28). On December 12, 2024, this Court Granted Defendants' Motion to Dismiss Zachary Langley for Fraudulent Joinder and Dismissed Count IV of Plaintiff's Complaint without prejudice. (Doc. 30).

On January 9, 2025, Buckmire filed her First Amended Complaint directed solely at Defendants. (Doc. 32). On January 22, 2025, Defendants filed their Answers to Buckmire's First Amended Complaint. (Docs. 33 & 34). Both Defendants pleaded in their affirmative defenses that Buckmire was contributorily at fault, in whole or in part, for the injuries she allegedly sustained "insofar as Plaintiff failed to keep a carful lookout, failed to exercise the highest degree of care required by Illinois law, was distracted, and failed to maintain reasonable distance from other vehicles." (Doc. 33, p. 3; Doc. 34, p. 4). On February 18, 2025, Buckmire filed her Motion for Leave to Amend to Add Defendant Zachary Langley, arguing that that Defendants are raising the same defenses in their Affirmative Defenses as they claimed resulted in Buckmire's inability to plead a negligence claim against Zachary Langley. (Doc. 43, p. 4). Defendants counter that the motion is merely Buckmire's second attempt to destroy the Court's diversity jurisdiction over this matter by fraudulently joining a nondiverse defendant to the action. (Doc. 44, p. 5).

## LEGAL STANDARD

Typically, a party may move to amend a complaint with the opposing party's written consent or the court's leave; the court should give leave freely when justice so requires. *See* FED. R. CIV. P. 15(a). However, a different standard applies when the joinder of a nondiverse party would destroy subject matter jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 n.3 (7th Cir. 2009). According to 28 U.S.C.

§ 1447(e), when a party moves to join a nondiverse party, the district court may either deny joinder, or permit joinder and remand the action to state court. *Id.* (internal citations omitted). "These are the only options; the district court may not permit joinder of a nondiverse party and retain jurisdiction." *Id.* at 758 (internal citations omitted). A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make that determination. *Id.* (internal citations omitted).

In the post-removal context, federal courts consider: (i) the plaintiff's motive for seeking joinder, and whether that motive is to defeat federal jurisdiction; (ii) the timeliness of the request to amend; (iii) whether the plaintiff will be significantly injured if joinder is not allowed; and (iv) any other relevant equitable considerations. *Schur*, 577 F.3d at 759 (internal citations omitted). The fraudulent joinder doctrine is "yet another element of the district court's flexible, broad discretionary approach to resolving a post removal question of whether a nondiverse defendant should be joined under § 1447(e)." *Id.* (internal citations omitted). Federal courts typically apply the fraudulent joinder standard as a "tool" to evaluate a plaintiff's motive for joinder. *See Ali v. Volkswagen Grp. of America, Inc.*, 2020 WL 5250669, at *3 n.2 (N.D. Ill. Sept. 3, 2020) (internal citations omitted). "If a defendant can carry the 'heavy burden' of proving fraudulent joinder, this would counsel against joinder." *Id.* at 764 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).

## ANALYSIS

The balance of equities as set forth in *Schur* favor a finding that Buckmire is seeking to fraudulently join Langley. The first factor involves a fraudulent joinder

analysis and is given considerable weight. *Johnson v. MAC's Convenience Stores LLC*, 2024 WL 4350312, at *6 (S.D. Ill. Sept. 30, 2024). The Court has already determined that Defendants have met their burden in its December 12 order, arriving at the conclusion that after considering the videographic evidence in light of Illinois state law, Buckmire cannot state a claim of negligence against Langley. (*See* Doc. 30, p. 5). The Court need not regurgitate its analysis from that order here; it stands by its reasoning and conclusion. In spite of this order, three months later Buckmire has again sought to join Langley as a defendant, despite providing no newly developed evidence that would counsel the Court to revisit its previous conclusion. Given the circumstantial evidence, the Court concludes that Buckmire's attempt to join Langley is an attempt to defeat diversity jurisdiction.

Under the second factor, to assess the timeliness of a plaintiff's request, the court examines any delay between counsel's learning of the grounds for seeking joinder of the Medical Defendants' joinder and acting on that knowledge. *In re Abbott Lab'ys Preterm Infant Nutrition Prods. Liab. Litig.*, 2024 WL 2132425, at *6 (N.D. Ill. May 13, 2024). Whether a request is timely depends on the "context" of the delay. *Ramos v. Urschel Lab'ys, Inc.*, 2023 WL 7220552, at *2 (N.D. Ill. Nov. 2, 2023). The common factual scenario where Courts have determined that a delay was timely is when newly discovered evidence arises after the original complaint is filed. *See, e.g.*, *Schur*, 577 F.3d at 767 (plaintiff had only discovered the proposed new defendants' role in the case two months before her joinder attempt); *Ramos*, 2023 WL 7220552, at *2 (plaintiff moved to amend two months after learning of the defendant's possible role in his harm). The situation here is considerably different. Buckmire has not

argued that any new evidence has emerged demonstrating that Langley is liable; she merely makes the legal argument that Defendants because have plead that she was contributorily negligent, she should be able to plead the same regarding Langley. This argument is not grounded in the discovery of new evidence; it is merely a different legal argument. Joining a non-diverse defendant "after removal, but without additional discovery" suggests that joinder is solely for the purposes of defeating diversity jurisdiction. *Schur*, 577 F.3d at 767. Therefore, the Court determines that the second factor counsels against permitting joinder.

Under the third factor, the Court is required to balance the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed with the risk that a defendant will be prejudiced if the amendment is allowed." *Grinston v. Cypress Media, LLC*, 2011 WL 833969, at *4 (S.D. Ill. Feb. 21, 2011) (citation omitted). Here, Buckmire will likely face added expense and difficulty if she must pursue litigation in state and in federal court over the injuries resulting from the same accident. Thus, this third factor favors granting Buckmire's motion for leave to amend.

Neither party has provided any additional considerations for the Court to consider under the catch-all fourth factor. Two factors weigh in favor of Defendants, and one in favor of Buckmire. Given that more factors weigh in favor of Defendants and that the first factor possesses considerable weight, the Court concludes that Buckmire should not be permitted to add Langley as a defendant.

## SANCTIONS

Under Rule 11, sanctions are proper "when a party or attorney signs a pleading

or motion that is not well-grounded in fact and warranted by existing law." *Blow v. Bjora, Inc.*, 855 F.3d 793, 807 (7th Cir. 2017). However, a party seeking sanctions must comply with the procedural requirements set forth in Rule 11(c)(2), which states that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Though Defendants purport to bring their argument under the purview of Rule 11(c)(3), they are requesting the Court to impose sanctions, which is more akin to a motion under Rule 11(c)(2). As Defendants have not met the procedural requirements under Rule 11(c)(2), their request is denied.

## CONCLUSION

Buckmire's Motion for Leave to Amend Complaint to Add Defendant Zachary Langley (Doc. 43) is **DENIED**. The Court **DENIES** Defendants' request to impose Rule 11 sanctions on Buckmire.

**IT IS SO ORDERED.**

**DATED:  March 13, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
